T.C. Summary Opinion 2003-138


UNITED STATES TAX COURT


ALAN C. AND ESTHER R. SCHWEMMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9461-02S.              Filed September 30, 2003.


Alan C. Schwemmer and Esther R. Schwemmer, pro sese.

<u>Huong T. Duong</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121(a).  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all

Rule references are to the Tax Court Rules of Practice and Procedure. Respondent contends that there is no genuine issue as to any material fact. Thus, the notice of determination should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. As explained below, we shall grant respondent's motion for summary judgment.

On March 27, 2000, respondent issued a joint notice of deficiency to petitioners.  In the notice, respondent determined deficiencies in petitioners' Federal income taxes together with penalties as follows:

| Year | Deficiency | Sec. 6662(a) penalty |
|------|-----------|----------------------|
| 1996 | $10,500   | $2,100               |
| 1997 | 10,294    | 2,059                |

The deficiencies were based on respondent's determinations, which are described in pertinent part below.  Respondent determined that the BVE and Sweetbush Business Trusts, purportedly created by petitioners, are shams with no economic substance and increased petitioners' business income by the gross receipts of the trusts, less ordinary and necessary business expenses. Respondent also determined gross income from the bank deposits method, flowthrough losses from the disregarded trusts, and increased Social Security benefits.  Respondent further determined that petitioners were subject to self-employment tax, with a deduction for one-half of the self-employment tax.

Petitioners received the aforesaid notice of deficiency. Petitioners did not petition the Tax Court with respect to the notice of deficiency.

By notice of determination dated April 15, 2002, respondent informed petitioners that the notice of liens filed against them would not be withdrawn because petitioners' request for a hearing did not address legal or procedural errors relating to either the

final notice of intent to levy or the notice of Federal lien filing that were subject to consideration in a hearing, and because the underlying liability was not subject to consideration in this hearing under section 6330(c)(2)(B).

Petitioners filed with the Court a petition for lien or levy action under section 6320(c) or 6330(d). At the time the petition was filed, petitioners resided in Fresno, California. Their petition is replete with tax protester type arguments.

Respondent filed a motion for summary judgment. Respondent contends that petitioners' challenge to the existence and/or amount of their tax liabilities for 1996 and 1997 is not properly before the Court in this proceeding, and that petitioners otherwise failed to raise a valid issue for judicial review. Petitioners filed a response in opposition to respondent's motion, which is also replete with tax protester type arguments. Petitioners maintain that the burden is on respondent to prove the assessments resulting from the notice of deficiency are valid. Petitioners filed a statement which has as its core thesis that this case should be:

> dismissed for lack of Subject Matter Jurisdiction on the grounds that the Notice of Determination issued by respondent was issued on hearsay facts and evidence. Petitioner demands that respondent provide certified facts or evidence of a statutory correct assessment or tax liability to support any claimed deficiency. Lacking a statutory correct assessment or tax liability the notice of determination is null and void and this court does not have Subject Matter Jurisdiction.

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and the person fails to pay those taxes. The lien arises when the assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. <u>Lindsay v. Commissioner</u>, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness

of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence of the amount of the underlying tax liability can be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a United States District Court.

Respondent asserts that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law because section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their tax liability for 1996 and 1997 in this proceeding. Respondent also asserts that petitioners have not raised a valid issue for review; i.e., a spousal defense, a challenge to the appropriateness of the collection action, or an alternative means of collection.

The record shows that respondent issued a notice of deficiency to petitioners for 1996 and 1997. The record also shows that although petitioners received the notice of deficiency, they did not file a petition for redetermination with the Court to dispute the proposed deficiencies. Under such circumstances, section 6330(c)(2)(B) plainly states that

petitioners are barred from challenging the existence or amount of their tax liability for 1996 and 1997.  Goza v. Commissioner, supra at 182-183; Sego v. Commissioner, supra at 610.

The notice of determination that the Appeals Office issued to the taxpayer husband in Sego v. Commissioner, supra at 605, stated in part, as follows:

> Challenges to the existence or amount of liability were raised * * *
>
> *    *    *    *    *    *    *
>
> The assessments are deemed correct because you have failed to present any credible evidence to overcome the Commissioner's presumption of correctness. * * *

In Sego v. Commissioner, supra, this Court held, inter alia, that section 6330(c)(2)(B) barred the taxpayers from challenging the existence or amount of their underlying tax liability in the judicial proceeding.

In short, petitioners are statutorily barred from challenging the existence or amount of their income tax liability for 1996 and 1997 in this proceeding.  Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Accordingly, in the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated April 15, 2002.

In order to give effect to the foregoing,

<u>An order granting respondent's motion for summary judgment and decision for respondent will be entered.</u>